UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-452-RJC-DSC

| | | |
|---|---|---|
| **MAACO FRANCHISING, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **BTTP ENTERPRISES, INC.,** an inactive | ) | |
| Florida corporation, **BERNARD POLIDORE** | ) | |
| and **THERESA POLIDORE,** | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on Plaintiff Maaco Franchising, LLC's ("Maaco") Motion for Entry of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), (Doc. No. 13), filed on December 19, 2014. Defendants BTTP Enterprises, Inc., ("BTTP"), Bernard Polidore, and Theresa Polidore, (collectively "Defendants"), have not opposed the Motion for Entry of Default Judgment and the time for doing so has expired.

**I. BACKGROUND**

Plaintiff Maaco Franchising, LLC, filed its Complaint on August 19, 2014, against Defendants. Defendant BTTP is an inactive Florida corporation with a principal address of 3500 Prospect Avenue, Naples, Florida 34104. Defendant Bernard Polidore was the President of BTTP, and Defendant Theresa Polidore was the Vice-President of BTTP. Maaco granted the Defendants an enlargement of time through and including October 13, 2014 to file a response to the Complaint, (the "Response Deadline"). The Defendants failed to respond to the Complaint by the Response Deadline, thereby defaulting pursuant to FRCP 12(a)(1)(A)(i). By failing to file an answer, all well-pleaded allegations are deemed admitted. See Fed.R.Civ.P 8(b)(6); Ryan v.

Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Accordingly, the factual summary below is consistent with that alleged in Maaco's Complaint.

Maaco grants franchises to qualified persons to establish and operate vehicle painting and auto body repair businesses under a standard, unique, and uniform system developed by Maaco, and grants to those persons the right to use Maaco's federally-registered trade name, logo, and other proprietary marks. BTTP is an inactive Florida corporation formed for the purpose of operating a franchised Maaco® vehicle painting and auto body repair business, pursuant to an August 18, 2003 Addendum to Franchise Agreement and Termination of Assignment and Assumption Agreement and an August 18, 2003 Assignment and Assumption Agreement. Bernard Polidore and Theresa Polidore (the "Polidores") were guarantors of BTTP's obligations under the relevant franchise agreement (the "Guaranty").

On or about November 14, 2011, Maaco entered into a new Maaco Franchising, Inc. Franchising Agreement, granting BTTP the right to continue operating the franchised Maaco® location (the "Franchise Agreement"). Pursuant to Articles 5A(4) and 6B of the Franchise Agreement, Defendants were required to pay Maaco a weekly royalty and advertising fee, as well as for paint and other supplies (the "Fees"). To date, the Defendants have failed to pay the Fees. This failure to pay the Fees constitutes a default under Articles 5A(4) and 6B of the Franchise Agreement.

On December 27, 2012, Maaco provided Defendants with notice of their default for failure to pay the Fees (the "Notice of Default"). In its Notice of Default, Maaco provided the Defendants with fifteen (15) days to cure their default by paying the Fees due in accordance with

the Franchise Agreement. Defendants failed to cure their default within the time permitted.

On March 15, 2013, Maaco provided the Defendants with notice of termination of the Franchise Agreement for failure to comply with the Notice of Default and the Franchise Agreement (the "Notice of Termination"). In its Notice of Termination, Maaco requests unpaid amounts of $151,195.15, and for the Defendants to comply with several post-termination covenants contained in the Franchise Agreement (the "Notice of Termination Demands"). Despite providing the Defendants with several chances to cure their default, at no point have the Defendants complied with the Notice of Termination Demands. The Defendant's failure to pay for the benefits conferred has directly and proximately damaged Maaco. (Doc. No. 1).

## II. LEGAL STANDARD

The entry of default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure which provides in relevant part that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. Ryan, 253 F.3d at 780 (citations omitted); Weft, Inc. v. GC Inv. Assocs., 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (citations omitted); FED. R. CIV. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."). However, the defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Ryan, 253 F.3d at 780 (citations omitted); see also E.E.O.C. v. Carter Behavior Health Servs., Inc., No. 4:09-cv-122-F, 2011 WL 5325485, at *3 (E.D.N.C. Oct. 7, 2011). Rather, in

determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. See Ryan, 253 F.3d at 780 (citing Weft, 630 F. Supp. at 1141); DIRECTV, Inc. v. Pernites, 200 F. App'x 257, 258 (4th Cir. 2006) (a "'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law'") (quoting Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)); Arista Records, LLC v. Gaines, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009); 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default ... and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc., 616 F.3d 413, 417 (4th Cir. 2010) (citations omitted). Nonetheless, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." SEC v. Lawbaugh, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

If the court finds that liability is established, it must then determine damages. Carter Behavior Health, 2011 WL 5325485, at *4 (citing Ryan, 253 F.3d at 780-81; Gaines, 635 F. Supp. 2d at 416-17). The court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages. Id. (citing Lawbaugh, 359 F. Supp. 2d at 422). While the court may conduct an evidentiary hearing to determine damages, it is not required to do so, but may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. See EEOC v. CDG Mgmt., LLC, No. RDB-08-2562, 2010 WL 4904440, at *2 (D. Md. Nov. 24, 2010) (citations omitted); EEOC v. North Am. Land Corp., No.

1:08-cv-501, 2010 WL 2723727, at *2 (W.D.N.C. Jul. 8, 2010).

## III. DISCUSSION

Here, Defendants BTTP, Bernard Polidore, and Theresa Polidore failed to pay Plaintiff Maaco the Fees owed pursuant to the Franchise Agreement. (Doc. No. 1 at 6). Defendants were served with process on September 3, 2014. (Doc. Nos. 6, 7, 8). Following an extension of time, Defendants still failed to respond to Plaintiff's Complaint, and the Clerk of Court entered Default against Defendants on October 21, 2014. (Doc. No. 12).

In its Complaint, Maaco seeks damages of $152,661.11, plus interest. (Doc. No. 1 at ¶ 48; see also Doc. Nos. 13-9, 13-10). The damages consist of unpaid royalties, advertising contributions, and paint supply costs, owed by Defendants to Plaintiff based on the Franchise Agreement. (Doc. No. 13-6 at ¶¶ 5A, 6B, 6C, 7L). Defendants owe $25,198.18 in unpaid royalties, $97,671.79 in unpaid advertising contributions, and $29,791.14 in unpaid paint supply costs. (Doc. No. 13-9). In addition, Maaco seeks costs of $595.00 pursuant to Article 25.E of the Franchise Agreement. (Doc. No. 13 at ¶ 32; see also Doc. No. 1 at ¶ 50).

Based on the affidavits and evidence submitted by Maaco and the Complaint, this Court finds that Maaco's Motion for Default Judgment, (Doc. No. 13) is hereby **GRANTED.**

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff Maaco's Motion for Entry of Default Judgment, (Doc. No. 13), is **GRANTED**;

2. Maaco is entitled to a default final judgment against Defendants, BTTP Enterprises, Inc., Bernard Polidore, and Theresa Polidore, and for a damage award in the amount of **$152,661.11**, costs in the amount of **$595.00**, and interest;

3. The Clerk shall issue a Default Final Judgment against Defendants, BTTP Enterprises, Inc., Bernard Polidore, and Theresa Polidore.

Signed: June 12, 2015

Robert J. Conrad, Jr.
United States District Judge